Martin, J.
This is an action on a judgment obtained in Kentucky, by Sedwell, against the present defendant, and one Craig, which was *118 afterwards assigned to the present plaintiff. The defendant pleaded, that the judgment was obtained through the fraud of the present plaintiff. There was judgment for the plaintiff and the defendant appealed.
East’n District.
June, 1821.
The only piece of evidence in the cause, is the deposition of Sedwell, the plaintiff's assignee. He deposes, that in 1805 or 1806, Moore and Craig bargained with him for a quantity of whiskey, amounting to $216 75 cents, including the barrels, which he delivered to the present plaintiff, who carried it away; and the deponent charged the said Moore and Craig therewith; they having previously made arrangements with the deponent, that he, the plaintiff, would give him his note for the whiskey, but he ever evaded doing so, whereupon the deponent instituted a suit against Moore and Craig, when Craig represented to him, that Moore had received exclusively the proceeds of the whiskey, and it would be hard, if he, Craig, was obliged to pay therefor, and proposed, to give his note with the present plaintiff, as his surety, provided the deponent indulged them with some time, and permitted them to use his name, in order to recover from Moore. This being *119 assented to, Craig and the present plaintiff, gave the deponent their note, which has since been paid. A suit was brought accordingly, against Moore and Craig, by the present plaintiff in this deponent's name, who was assured that he would be indemnified against the costs, which have, however, been since claimed from him; and the plaintiff has retained about $40 for his attendance on the said suit, &c. and he was surprised to find, that the present plaintiff was a witness in said suit, knowing that he had an interest therein. The deponent believes he had given the present plaintiff some authority to receive or recover the money from Moore, Craig being insolvent.
1. The defendant and appellant contends, that the plaintiff has irregularly brought his action in his own name, as assignee of Sedwell, and ought to have brought it in Sedwell’s name, on the general principle of law, that a chose in action is not assignable. He cites Co. Litt. 204, and urges, that the assignment only gave to the assignee the right to using the assigner’s name.
2. That the defendant has proved, by Sedwell himself, that he had no cause of action *120 against him, when he instituted the suit, and obtained the judgment, on which the present suit is brought. That the testimony of Sedwell is legal, and conclusively proves, that he could not recover in the present suit, therefore, his assignee cannot.
3. That the evidence shews fraud in obtaining the judgment. He used Sedwell’s name, obtained the judgment on his own testimony and now sues to enforce it.
The plaintiff and appellee has failed to appear and answer in this court, and the case, after the expiration of the legal delay, is heard ex-parte.
I. There does not appear to be any weight in the first objection. The principle of the common law cited, not being recognised in this state. An assignee may either sue in his own name, or such as use his assignee’s name.
II. The testimony of Sedwell shews, that the present defendant owes the money, and has never paid any part of it. That the assignee paid, on the condition that he should receive a transfer of the plaintiff’s right of action.
Clark for the plaintiff. Preston for the defendant.
III. It does not appear that more was recovered from the defendant, than he actually owed; indeed, the deposition of Sedwell shews, that no more was recovered; that there cannot he any fraud. The irregularity of the testimony received cannot affect a judgment which is correct, as to the claim which it establishes.
I think the judgment ought to be affirmed with costs.